UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BUCCIERI,<br><br>                    Plaintiff,<br><br>v.<br><br>VITAL EMERGENCY MEDICAL SERVICES, INC.,<br><br>                    Defendant. | Civ. No.: 4:22-cv-40132-MRG |

**PLAINTIFF'S MEMORANDUM DETAILING DAMAGES**

In accordance with this Court's Order entered April 3, 2024 (ECF No. 28), Plaintiff John Buccieri hereby submits this brief memorandum detailing the total amount of damages to which he is entitled from Defendant Vital Emergency Medical Services, Inc. ("Vital"). As set forth more fully below, Plaintiff respectfully asserts that he is entitled to a total of $50,000 in compensatory and/or punitive damages.

As Plaintiff testified in support of his application for default judgment,

> Because of Vital's discrimination against me based solely on my hearing disability, I have suffered and continue[] to suffer from dignitary harm as well as psychological and emotional distress, including but not limited to anger, anxiety, embarrassment, humiliation, self-doubt and loss of self-confidence, and feelings of exclusion and isolation from society. I have been denied similar ambulance driving positions in the past solely because of my disability, and Vital's discrimination reaffirms that a large part of society deems me unable to work simply because I am deaf and not based on my actual abilities.

ECF No. 27 at ¶ 13.

This exclusion is especially poignant because Plaintiff has demonstrated a clear passion for the work of a first responder, having (1) worked as a volunteer firefighter at Marion County Fire

1

Rescue in Florida from February 2005 to April 2011, where he responded to emergency and non-emergency calls and provided extensive training and fire safety education (*see* ECF No. 27 at ¶ 8); (2) obtained dozens of trainings and certificates pertinent to EMTs and employment experience driving a medical transport (*see* ECF No. 27-1); and (3) had applied to similar positions at other medical transportation companies in the past in which he was rejected solely due to his deafness (*see* ECF No. 27 at ¶ 13).

In addition to the equitable relief sought in his Complaint, including injunctive relief requiring Defendant to develop and implement policies of non-discrimination against deaf job applicants, Plaintiff also seeks compensatory damages for emotional distress and dignitary harm, which are inherently difficult to quantify. Plaintiff is also entitled to punitive damages, as the First Circuit "continue[s] to recognize that 'acts of intentional discrimination are just the sort of conduct that punitive damages are aimed to deter.'" *Chungchi Che*, 342 F.3d 31, 41 (quoting *DiMarco-Zappa v. Cabanillas*, 238 F.3d 25, 38 (1st Cir. 2001)). Vital appears to be a company with less than 100 employees.[1] As such, Plaintiff's non-economic compensatory and punitive damages under Title I of the Americans with Disabilities Act are capped at $50,000. Accordingly, Plaintiff seeks $25,000 in emotional distress damages and $25,000 in punitive damages. Without discovery from Vital, Plaintiff cannot calculate other compensatory damages that he may be entitled to, including actual monetary damages for loss of opportunity and/or wages. However, given that Plaintiff testified to the distress set forth above, Plaintiff respectfully asserts that he is entitled to $50,000 in compensatory and/or punitive damages.

Plaintiff's damages request is well-supported by the body of EEOC awards, verdicts, and settlements obtained against employers who have refused to hire deaf applicants in strikingly

---

[1] *See* https://www.linkedin.com/company/vital-emergency-medical-services/.

similar circumstances. For example, Plaintiff's request pales in comparison to a case in which a jury awarded $36,000,000 in punitive damages and $75,000 in additional compensatory damages where a trucking company refused to hire a plaintiff for a truck driving job in 2016 solely because he was deaf, later reduced by the court to $335,682.25. *See* ECF No. 353, *EEOC v. Drivers Management, LLC and Werner Enterprises, Inc.*, No. 8:18-cv-00462-JMG-SMB (D. Neb. Jan. 10, 2023). Another jury recently awarded, and the court upheld, $25,000 in back pay, $150,000 in emotional distress damages, and $1.5 million in punitive damages to an applicant who was denied an interview with a company after finding out that he was deaf in violation of the ADA. *See* ECF No. 123, *EEOC v. McLane/Eastern, Inc. d/b/a McLane Northeast*, No. 5:20-cv-01628-BKS-ML (N.D.N.Y. Feb. 9, 2024). In 2019, an employer agreed to pay $150,000 to settle allegations that the company rejected an applicant for a valet driver position solely based on the assumption that he could not perform the essential functions of the position because he is deaf.[2]

In another case regarding an employer's refusal to hire an applicant after learning that he is deaf, the parties entered into a consent decree in which the employer agreed to pay the applicant $255,000 and is enjoined from discriminating on the basis of deafness in all phases of employment. *See* ECF No. 22, *EEOC v. Tech Mahindra (Americas), Inc.*, 6:23-cv-06397 (W.D.N.Y. Feb. 14, 2024). Almost fourteen years ago, a potential employee won a jury verdict and judgment of $20,000 for lost wages and emotional harm and an additional $150,000 in punitive damages after an employer refused to consider her for an open job of a stock clerk because of her deafness. *See* ECF No. 89, *EEOC v. Service Temps Inc d/b/a Smith Personnel Sols.*, No. 3:08-cv-01552-D (N.D. Tex. Sept. 22, 2010).

---

[2] https://www.eeoc.gov/newsroom/usa-parking-services-pay-150000-settle-eeoc-disability-discrimination-lawsuit (February 27, 2019).

To be sure, the amount sought herein is also not at all unusual for verdicts and awards under similar circumstances within this Circuit. *See, e.g., Chungchi Che v. Mass. Bay Transp. Auth.,* 342 F.3d 31 (1st Cir. 2003) (upholding jury verdict of $125,000 in emotional distress damages to plaintiff claiming racial discrimination in employment). But to avoid any doubt, however, federal courts frequently have "grouped" claims for emotional distress "into three categories of claims: garden-variety, significant, and egregious." *Duarte v. St. Barnabas Hosp.*, 341 F. Supp. 3d 306, 319 (S.D.N.Y. 2018) (citation omitted); *Jackson v. Geithner*, No. CV F 11-0055 LJO SKO, 2011 U.S. Dist. LEXIS 59483, at *38–39 (E.D. Cal. June 2, 2011). The categories vary in duration, severity, and consequences, but even for garden-variety emotional distress, courts have affirmed similar awards "where the evidence of emotional distress consisted only of testimony establishing shock, nightmares, sleeplessness, humiliation, and other subjective distress." *Lore v. City of Syracuse*, 670 F.3d 127, 177 (2d Cir. 2012) (recounting how the Second Circuit has "affirmed awards of $125,000" and "rejected the defendant's contention that those damage awards, for garden variety emotional distress claims, should have been reduced to between $5,000 and $30,000" (citations omitted)), cited by *Duarte*, 341 F. Supp. 3d at 320; *Travers v. Flight Servs. & Sys.*, 808 F.3d 525, 541 (1st Cir. 2015) (finding that lower court did not abuse discretion in lowering $400,000 jury verdict to an award of $50,000 for "garden variety" emotional distress damages to a plaintiff who was unlawfully retaliated against in employment, but refusing to lower the award further).

Last, and for purposes of additional comparison, these damages are also not contradicted by similar compensatory and punitive damages verdicts/settlements in cases arising under M.G.L. c.151B, the state law analogue to Title I of the ADA under which Plaintiff bases his claims. *See, e.g., Mary Chui Wong et al. v. The City of Cambridge,* No. 01-2737, 2011 Jury Verdicts

LEXIS 205973 ($3,850,000 settlement between city and two employee plaintiffs on claims of race/national origin discrimination and retaliation in violation of M.G.L. c.151B; and more than $8,000,000 jury award on the same claim to another employee plaintiff); *Kathleen Donohue v. The Town of Watertown and The Watertown Police Association*, No. 19-1472, 2022 Jury Verdicts LEXIS 23501 ($4,000,000 jury award to plaintiff employee in damages, back pay, and loss of future earnings in M.G.L. c.151B action for gender-based discrimination and hostile work environment); *McMillan v. MSPCA et al.*; No. 92-11178-RGS, 1996 Dolan Media Jury Verdicts LEXIS 2384 (in 1996, granting punitive damages award for willful gender discrimination under M.G.L. c.151B of $135,662.50 against one defendant and $171,250 against another defendant).

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the relief requested herein in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: April 24, 2024                                              Respectfully Submitted,


By: /s/ Andrew Rozynski
Andrew Rozynski, Esq.
EISENBERG & BAUM, LLP
24 Union Square East, Penthouse
New York, New York 10003
(212) 353-8700
arozynski@eandblaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

On April 24, 2024, I caused this document to be served upon all registered attorneys by email and first-class mail in accordance with Fed. R. Civ. P. 11(c)(2). On April 24, 2024, I electronically filed this document with the Clerk's Office using the CM/ECF system, which then sent a Notice of Electronic Filing to all registered attorneys.

Dated: April 24, 2024                                        Respectfully submitted,

                                                             Andrew Rozynski, Esq.
                                                             **EISENBERG & BAUM, LLP**
                                                             24 Union Square East, PH
                                                             New York, NY 10003
                                                             Tel: (212) 353-8700
                                                             Fax: (917) 591-2875
                                                             arozynski@eandblaw.com
                                                             *Attorneys for Plaintiff*